```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                 CIVIL CASE NO.: 25-699 (DSD/DLM)
```

Arthur A. Patterson,

        Plaintiff,

v.                                                    **ORDER**

Dennis Minfield,

        Defendant.


This matter is before the court upon plaintiff Arthur A. Patterson's complaint and application to proceed in district court without prepaying fees or costs (IFP Application). For the reasons explained below, the court dismisses this case and denies the IFP Application as moot.

The complaint's caption names one defendant: Dennis Minfield. See Compl. 1-2.[1] The complaint is challenging to follow, but as the court understands it, Patterson alleges that Minfield assaulted him at least twice, including an incident in which Minfield slapped him, causing hearing loss in one ear. See id. at 6. Caption aside, the complaint also suggests that Patterson intends to sue Hennepin County. See id. at 5. Patterson appears to claim

---

[1] Because the complaint lacks consecutive pagination, the court cites to the page numbers assigned by the District's CM/ECF electronic filing system.

that the County is responsible for his housing and that housing officials failed to act after Patterson reported Minfield's behavior. See id. at 8. Patterson further suggests that he has experienced discrimination and breach of contract. See id. at 5–6, 9, 11. He requests $25 million in damages. See id. at 4, 12.

Under Federal Rule of Civil Procedure 12(h)(3), courts must dismiss a case at any time if they determine they lack subject-matter jurisdiction. And a plaintiff who files a case in federal court has the burden of establishing that jurisdiction exists. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182–83 (1936)).

Patterson prepared the complaint using a template form with an explicit section about jurisdiction. See id. at 3. On the form, Patterson indicated that the case involves federal-question jurisdiction under 28 U.S.C. § 1331. See id. But he did not disclose "which Federal Constitutional, statutory or treaty right is at issue." See id. Reviewing the complaint also does not reveal any federal-law claims. Patterson's allegations against Minfield might support certain state-law claims (e.g., assault and battery), but they do not suggest that Minfield violated any federal laws.

Furthermore, even if Patterson does intend to sue Hennepin County under some federal antidiscrimination law (which is

2

unclear, as the caption does not mention the County), he would need to allege facts showing that race or another protected category was the reason for his mistreatment. Instead, Patterson's discrimination allegations are conclusory and lack supporting detail. See, e.g., Sandknop v. Mo. Dep't of Corrs., 932 F.3d 739, 741 (8th Cir. 2019) ("[A] complaint must provide 'enough facts to state a claim to relief that is plausible on its face.' We construe pro se complaints 'liberally,' but the complaint must still allege sufficient facts to support the claims advanced.") (citations omitted). And it is well established that federal-question jurisdiction does not exist if the plaintiff's only federal claims are not colorable. See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 513 & n.10 (2006) (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)); Lewis v. Phoenix Am. Adm'rs, Inc., No. 10-CV-2582 (RHK/JJK), 2011 WL 221308, at *2 (D. Minn. Jan. 21, 2011) (citing Arbaugh).

The court therefore dismisses this case under Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction. Because of this decision, the court also denies the IFP Application as moot.

Based on all of the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action is dismissed without prejudice for lack of jurisdiction; and

2

2. The application to proceed IFP [ECF No. 2] is denied as moot as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 12, 2025         s/David S. Doty
                              David S. Doty, Judge
                              United States District Court